Victoria Hernández Burgos, Plaintiff and Appellant, *v.* Francisca Burgos et al., Defendants and Appellees.

No. 4505. Argued April 10, 1929.—Decided January 22, 1930.

V. *Ortiz León* and *R. A. Arroyo*, for appellant. *González Fagundo & González Jr.*, for appellees.

Mr. Justice Hutchison delivered the opinion of the court.

At the close of the evidence for plaintiff the defendant, Francisca Burgos, announced that she had no evidence to offer, and submitted as a matter of law that the complaint did not state facts sufficient to constitute a cause of action as to her, in that the facts stated showed a novation of contract. The district court adopted this theory and dismissed the action.

The facts stated in the complaint are in substance that in 1921 Victoria Hernández Burgos lent her mother, Francisca Burgos, $1,900 and took as security a mortgage on a certain parcel of real estate; that in 1922 Francisca Burgos transferred all her property to her two sons, Eleuterio and Octavio Hernández Burgos, subject to outstanding mortgages including the one held by plaintiff; that in 1923 by way of compromise and settlement of a suit brought against the two brothers and pursuant to an agreement reached by all parties concerned including Francisca Burgos, the mortgaged property was sold for the purpose of paying plaintiff herein and other creditors; the mortgage thereon was canceled and

plaintiff received nine hundred dollars in cash and a note for one thousand dollars executed by Francisca Burgos and Eleuterio Hernández Burgos; that shortly thereafter plaintiff again lent her mother the nine hundred dollars in different installments for the purpose of enabling her to pay her taxes and to meet other urgent demands, and on October 15, 1925, in order to cover and to secure the said amount as well as the one thousand dollars of the note, Eleuterio Hernández Burgos, expressly authorized by his mother, Francisca Burgos, in her name and stead, executed in favor of plaintiff a promissory note (describing it) for one thousand nine hundred dollars ($1,900), upon return of the note for one thousand dollars signed by Francisca Burgos and Eleuterio Hernández Burgos; and that the note for nineteen hundred dollars was not signed by Francisca Burgos but by her son Eleuterio Hernández Burgos because the property of the former stood in the name of the latter and was under his management and control by reason of the transfer already mentioned—a conveyance which subsequently proved to be simulated and fraudulent. *Santini Fertilizer Company* v. *Burgos,* 34 P.R.R. 830.

At the trial Victoria Hernández testified that Eleuterio signed the note for one thousand dollars because he had all the property; that six hundred dollars of the nine hundred advanced to Francisca Burgos, went to pay a mortgage, a hundred and twenty-five to pay taxes, forty for zinc to be used on her dwelling, and ninety-seven dollars for taxes; that the mother Francisca Burgos authorized the making of a note for nineteen hundred dollars by Eleuterio Hernández Burgos because he had the property in his name; that witness lent the nineteen hundred dollars to her mother Francisca Burgos; that on the first occasion witness lent her one thousand dollars and kept nine hundred; that the mother owed witness nineteen hundred dollars; that of this amount nine hundred dollars was paid in cash and one thousand dollars was evidenced by a note signed by Francisca Burgos

and Eleuterio Hernández; that the old note was surrendered and destroyed when the new note was signed by Eleuterio Hernández and not by Francisca Burgos because the mother had placed all of her property in the name of the son, who had the management and control thereof; and that the mother told him to sign in order to provide better security and because the property was in his name, but it was Doña Francisca Burgos who received the money.

We think that the trial judge took too narrow a view of the case.

It is true that by the terms of section 1247 of the Civil Code where the amount involved in the transaction is more than three hundred dollars a power of attorney should be reduced to writing. If there were nothing before us but the note for nineteen hundred dollars executed by Eleuterio Hernández, and the testimony of Victoria Hernández as to the verbal authorization or oral power of attorney from Francisca Burgos, we might agree with the court below. This, however, is not simply a suit on a promissory note. It is an action to recover money received by the defendant Francisca Burgos as a loan from her daughter, Victoria Hernández. The case does not hinge upon the sufficiency of the power conferred on Eleuterio Hernández to execute the note for nineteen hundred dollars, but rather upon the question of novation.

Here also it must be conceded that the surrender and destruction of the old note for one thousand dollars signed by both Francisca Burgos and Eleuterio Hernández is a significant circumstance. Standing alone, it would suffice to establish a novation. Nevertheless, it is prima facie evidence only of such an intention and novation is always a question of intention. In the instant case that intention must be gathered from all the circumstances surrounding the execution of the new note, not merely from the fact that such execution was orally authorized nor from the fact that the

old note was surrendered and destroyed, nor from these two facts taken together.

The original loan of nineteen hundred dollars was made directly to Francisca Burgos and secured by a mortgage. When the mortgaged property was sold, Victoria Hernández received nine hundred dollars in cash and the note for one thousand dollars signed by Francisca Burgos and Eleuterio Hernández. The uncontradicted testimony of Victoria Hernández indicates that no part of the consideration for this note passed from her as a loan to Eleuterio Hernández. If he received anything out of that transaction, he must have received it from the owner of the mortgaged property, Francisca Burgos, and not from Victoria Hernández. Yet all the property belonging to Francisca Burgos was at that time in the name of Eleuterio and Octavio Hernández. The value of a note executed by Francisca Burgos alone would have depended on the willingness and ability of Eleuterio Hernández to pay it. The logical conclusion is that Eleuterio Hernández was a mere surety. In any event, if the note was joint and several in form, Francisca Burgos remained liable for the full amount. If joint only, in fact as well as in form, Eleuterio Hernández became liable at most to the amount of five hundred dollars.

When the new note for nineteen hundred dollars was executed in October 1925, the conveyance by Francisca Burgos of all her property to her two sons Eleuterio and Octavio Hernández had been adjudged fraudulent and void by the district court, and an appeal was pending before this court. The judgment of the district court was affirmed in January, 1926. It is fair to assume that the possibility of such an affirmance was contemplated by the parties at the time of the alleged novation. They knew that the effect of an affirmance would be to deprive the two sons of the ostensible title as well as the possession and control of the property conveyed to them by Francisca Burgos. They knew that the result of an affirmance would be to render the new note as

worthless, as an obligation subscribed by Francisca Burgos alone would have been in the event of a reversal. To hold that Francisca Burgos, when she directed the execution of the new note by Eleuterio Hernández, intended thereby to relieve herself from all responsibility through a novation of her original contract would be to impute to her a deliberate intention to defraud her daughter, Victoria. It is axiomatic that a fraudulent intent is never to be presumed. The only testimony in point discloses a definite purpose on the part of the mother to make the daughter, Victoria, a preferred creditor.

Our conclusion is that the intention of all parties concerned, was to make the ostensible owner of the property the ostensible debtor, and not to effect a novation of the pre-existing obligation.

There is still pending a motion to dismiss the present appeal on the ground that the notice of appeal was not served on the defendant, Eleuterio Hernández. He was a nominal although a proper party. He was neither a necessary nor an adverse party. The prayer was for a judgment against Francisca Burgos only. The court below dismissed the action in its entirety notwithstanding the default of Hernández. Appellant does not seek to reverse that judgment in so far as the defendant Hernández is concerned. A reversal as to the defendant, Francisca Burgos, and the rendition of the judgment of this court in lieu thereof will not affect the present status of the defendant Eleuterio Hernández. Even if the action had not been dismissed as to him, a reversal of the judgment of dismissal as to Francisca Burgos and the entry of a judgment against her alone would tend to eliminate any question of liability on the part of Hernández and to that extent the result would be favorable to him.

The motion to dismiss should be denied, and the judgment appealed from reversed.